# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY WILLIAMS, CDCR #AW-4743,<br><br>                      Plaintiff,<br><br>vs.<br><br>RUCKER; A. SILVA; T. ALVAREZ; Q. JACKSON; J. HEDDY,<br><br>                      Defendants. | CASE NO. 19cv468-LAB (BGS)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 3];**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

      Ricky L. Williams ("Plaintiff"), currently incarcerated at Kern Valley State Prison ("KVSP") located in Soledad, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming various prison officials at Richard J. Donovan Correctional Facility ("RJD") violated his Eighth Amendment rights. *See* Compl., ECF No. 1.

      Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

/ / /

/ / /

- 1 -

I.      **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a trust account official at KVSP. *See* ECF No. 3 at 4, 6-8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

F.3d at 1119. The CDCR Inmate Statement Report Plaintiff has submitted shows that he has a current available balance of zero. *See* ECF No. 3 at 9. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3), declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Acting Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

| | |
|---|---|
| 1 | Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements |
| 2 | of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 |
| 3 | U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a |
| 4 | context-specific task that requires the reviewing court to draw on its judicial experience and |
| 5 | common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant- |
| 6 | unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see* |
| 7 | *also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). |
| 8 | Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court |
| 9 | may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a |
| 10 | written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); |
| 11 | *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. |
| 12 | 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) |
| 13 | ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling |
| 14 | on a Rule 12(b)(6) motion to dismiss.)). |
| 15 | As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual |
| 16 | matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on |
| 17 | its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set |
| 18 | for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, |
| 19 | 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) |
| 20 | (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments |
| 21 | Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) |
| 22 | (for claims arising out of the use of excessive physical force, the issue is "whether force was |
| 23 | applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically |
| 24 | to cause harm.") (citing *Hudson*, 503 U.S. at 7). |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

| | |
|---|---|
| 1 | Therefore, the Court will direct the U.S. Marshal to effect service of summons |
| 2 | Plaintiff's Complaint on his behalf.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall |
| 3 | issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) |
| 4 | ("[T]he court may order that service be made by a United States marshal or deputy marshal |
| 5 | . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). |

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **ORDERS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

| | |
|---|---|
|1| States Marshal according to the instructions the Clerk provides in the letter accompanying |
|2| his IFP Package. |
|3|     5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons |
|4| upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All |
|5| costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. |
|6| R. Civ. P. 4(c)(3). |
|7|     6.    **ORDERS** Defendants, once they have been served, to reply to Plaintiff's |
|8| Complaint within the time provided by the applicable provisions of Federal Rule of Civil |
|9| Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be |
|10| permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, |
|11| prison, or other correctional facility under section 1983," once the Court has conducted its |
|12| sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has |
|13| made a preliminary determination based on the face on the pleading alone that Plaintiff has |
|14| a "reasonable opportunity to prevail on the merits," the Defendants are required to respond). |
|15|     7.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to |
|16| serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' |
|17| counsel, a copy of every further pleading, motion, or other document submitted for the |
|18| Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every |
|19| original document he seeks to file with the Clerk of the Court, a certificate stating the manner |
|20| in which a true and correct copy of that document has been was served on Defendants or |
|21| their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received |
|22| by the Court which has not been properly filed with the Clerk or which fails to include a |
|23| Certificate of Service upon the Defendants, or their counsel, may be disregarded. |
|24|     **IT IS SO ORDERED**. |
|25| Dated: April 26, 2019 |
|26|                                     **HONORABLE LARRY ALAN BURNS** |
|27|                                     Chief United States District Judge |
|28| |