UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. WILLIAMS,<br><br>                            Plaintiff,<br><br>v.<br><br>RUCKER, Correctional Officer, et al.,<br><br>                           Defendants. | Case No.:  19CV468 LAB (BGS)<br><br>**ORDER DENYING MOTION FOR**<br>**APPOINTMENT OF COUNSEL**<br><br>[ECF 19] |

Plaintiff has filed a Motion for Appointment of Counsel.  (ECF 19.)  Plaintiff seeks appointment of counsel for the following reasons:  (1) cannot afford to hire a lawyer; (2) his incarceration will limit his ability to litigate this case that he believes will involve substantial investigation and discovery; (3) the issues in the case are complex for someone, like Plaintiff, that has not previously litigated a case; (4) trial will involve conflicting testimony, and (5) Plaintiff has been unable to obtain counsel despite contacting a civil rights attorney.  (*Id.*)

"[T]here is no constitutional right to appointed counsel for § 1983 claims." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions") and *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) ("There is no constitutional right to appointed counsel in a § 1983 action") withdrawn only as to notice

by *Rand v. Rowland*, 113 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). "However, a court may, under 'exceptional circumstances,' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 960 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to articulate his claims and this case is not particularly complex. Plaintiff's Complaint described the factual basis for his claims sufficiently to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* ECF 6 at 3-6.) Additionally, there is nothing particularly complex about this case or unique about the the limitations Plaintiff faces based on his incarceration that would warrant appointment of counsel at this stage of the proceedings. *See Wilbron*, 789 F.2d at 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff's likelihood of success on the merits also does not warrant appointment of counsel at this time. Although Plaintiff's Complaint has survived screening based on the facts alleged, those allegations present only one view of the case and it is not at all clear Plaintiff's claims could survive summary judgement. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment)

19CV468 LAB (BGS)

Viewing the two factors together, Plaintiff has not established exceptional circumstances justify the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

  **IT IS SO ORDERED.**

Dated: September 17, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge

19CV468 LAB (BGS)