UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RUCKER, *et al.*,<br><br>Defendants. | Case No.: 3:19-cv-00468-LAB-AHG<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 25]** |

Before the Court is Plaintiff Ricky L. Williams's ("Plaintiff") letter to Judge Goddard, which the Court construes as a Second Motion to Appoint Counsel. ECF No. 25. For the reasons that follow, the Motion is **DENIED**.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action on March 11, 2019, bringing claims pursuant to 42 U.S.C. § 1983 against multiple Correctional Officers in the Salinas Valley State Prison where Plaintiff was previously incarcerated.[1] ECF No. 1. Plaintiff alleges Defendants violated his civil rights under the Eighth and Fourteenth Amendments by pepper spraying him during a physical altercation with another

---

[1] Plaintiff is now incarcerated in Kern Valley State Prison.

inmate, failing to protect him from the other inmate before the altercation broke out, and using excessive force afterwards including slamming Plaintiff into his wheelchair and choking and punching Plaintiff while forcibly removing him from the area. *Id.* at 2-6. Plaintiff also alleges that on the following day, another Correctional Officer used excessive force, including choking, to force Plaintiff into a transportation van. *Id.* at 7-8. Plaintiff further contends he faced retaliation for filing grievances against Defendants for use of excessive force, including a ten-day period of confinement and loss of television rights. *Id.* at 13. Finally, Plaintiff brings claims against various supervising officers for failure to properly train and/or supervise their subordinates, leading to the alleged violations. *Id.* at 9-10.

The Court granted Plaintiff's IFP Motion on April 26, 2019. ECF No. 6. After waiving service, Defendants filed an Answer on August 12, 2019. ECF No. 14. On August 27, 2019, the Court issued a Scheduling Order governing the pretrial deadlines in this case, including a fact discovery cut-off date of December 16, 2019. ECF No. 15. Plaintiff moved for appointment of counsel on September 17, 2019, which the Court denied. ECF Nos. 19, 20. In his first motion to appoint counsel, Plaintiff explained that he sought counsel because (1) he could not afford to hire a lawyer; (2) his incarceration limits his ability to litigate his case; (3) the issues in the case are complex, particularly in light of his legal inexperience; (4) trial will involve conflicting testimony; and (5) Plaintiff has been unable to obtain counsel on his own. *See* ECF No. 19. In denying the Motion, the Court explained that these reasons did not amount to "exceptional circumstances" warranting appointment of counsel. *See* ECF No. 20.

On September 18, 2019, this case was transferred to the undersigned from the previously assigned Magistrate Judge. ECF No. 21. On October 10, 2019, the Court received a letter from Plaintiff written directly to the undersigned Judge. ECF No. 24. In the letter, Plaintiff renewed his request for appointment of counsel. Although *ex parte* letters to the Court are not permitted, "[c]ourts in [the Ninth Circuit] have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil

rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (citation omitted). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Id.* In keeping with this obligation, and in recognition of the fact that Plaintiff's letter contained a renewed request for appointment of counsel, the Court excused Plaintiff's improper *ex parte* letter to the Judge assigned to his case, construed the filing liberally, and permitted it to be filed as a Second Motion to Appoint Counsel. ECF Nos. 24, 25.[2]

## II. DISCUSSION

To the extent Plaintiff's Second Motion to Appoint Counsel merely seeks reconsideration of the arguments Plaintiff raised in his prior Motion for Appointment of Counsel (ECF No. 19), the Court finds it without merit. Reconsideration is an "extraordinary remedy, to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted); *see also* CivLR 7.1(i)(1) (stating that the party seeking relief must present "what new or different facts and

---

[2] Plaintiff's letter also evinces a misunderstanding about the nature of Notices of Document Discrepancies, which the Court finds necessary to correct. Consistent with the obligation of liberal construction of *pro se* filings, the Court has accepted every filing Plaintiff has submitted to the Court. The Notices of Document Discrepancies the Court has filed and provided to Plaintiff up to this point merely reflect minor procedural deficiencies in his filings and briefly explain what they are. If the Court were to reject or deny a filing due to a discrepancy, the Notice of Document Discrepancy would indicate that the filing was "REJECTED" at the bottom of the page. Rather than rejecting Plaintiff's filings, the Court has ordered all of them to be filed *nunc pro tunc* to date received—in other words, to be filed exactly as written and back-dated to the date when the Court received them.

circumstances are claimed to exist which did not exist, or were not shown, upon such prior application"). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (citation and internal quotation marks omitted); *United States v. Westlands Water District*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (stating that "a motion for reconsideration is not a vehicle to reargue the motion").

Therefore, a party seeking reconsideration "must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision." *Westlands Water District*, 134 F. Supp. 2d at 1131; *see also Coleman v. Evergreen Pub. Sch.*, No. C18-556-RBL, 2018 WL 5886452, at *1 (W.D. Wash. Nov. 9, 2018) (stating that a motion for reconsideration is not "intended to provide litigants with a second bite at the apple. . . . Mere disagreement with a previous order is an insufficient basis for reconsideration[.]").

Consequently, the Court will not address grounds to appoint counsel that it already addressed in its previous Order denying appointment of counsel (ECF No. 20). However, Plaintiff does raise one new basis for appointment of counsel in his letter. Specifically, Plaintiff seeks counsel to represent him during his upcoming deposition scheduled for October 28, 2019 "so [he] won't incriminate [himself]." ECF No. 25 at 4.

Defendant is authorized to take Plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B). Plaintiff does not explain how his fear of self-incrimination during the deposition constitutes an "exceptional circumstance" requiring appointment of counsel. As explained in the Court's prior order, the Court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," and the factors the Court evaluates in determining whether such circumstances exist are (1) the likelihood of Plaintiff's success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. ECF No. 20 at 1-2 (citing *Palmer v. Valdez*, 560 F.3d 965, 960 (9th Cir. 2009)). *See also Moore v. Stepp*, No. C 11-5395-CW-PR, 2013 WL 1832640, at *8 (N.D. Cal. May 1, 2013) (citing *Rand v. Rowland*,

113 F.3d 1520, 1525 (9th Cir. 1997)). Plaintiff's concern about self-incrimination does not bear on either relevant factor. Therefore, Plaintiff's Second Motion to Appoint Counsel is **DENIED**.

Nonetheless, the Court considers Plaintiff's self-incrimination concern important to address for the benefit of both sides. During his deposition, Plaintiff is required to answer appropriate questions and, if he has an objection to any question, the proper procedure is to note the objection for the record but to answer the question despite the objection. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to the objection."). However, there are limits to the rule that a deponent must answer every question even if he has an objection. Relevant to Plaintiff's concern here, Rule 30 permits a deponent not to answer a question "when necessary to preserve a privilege[.]" *Id.* Plaintiff's privilege against self-incrimination under the Fifth Amendment qualifies as a legitimate basis to refuse to answer a deposition question altogether. *See Campbell v. Gerrans*, 592 F.2d 1054, 1057 (9th Cir. 1979) ("The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.") (quotation omitted). In its Scheduling Order, the Court made clear that, notwithstanding its warning that Plaintiff may face sanctions under Rule 37 for refusing to answer appropriate questions, "[o]bjections made in good faith in accordance with governing rules are permitted." ECF No. 15 at 2.

Evidence that is protected by Plaintiff's Fifth Amendment privilege against self-incrimination includes not only information that may directly lead to criminal conviction, but also "information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Maness v. Myers*, 419 U.S. 449, 461 (1975). Therefore, if Plaintiff reasonably believes during his deposition that defense counsel has asked a question eliciting information that is protected by this privilege, he may object on

that basis and refuse to answer. However, Plaintiff is warned that if he wishes "to use the shield of self-incrimination against any interrogation whatsoever regarding [his] claims," he will "have to forego the right to prosecute the actions." *Lyons v. Johnson*, 415 F.2d 540, 541 (9th Cir. 1969).

In other words, if Plaintiff invokes the privilege against self-incrimination in response to most or all of the deposition questions, or otherwise effectively makes it impossible for Defendants to inquire into Plaintiff's claims, such conduct may ultimately require dismissal of his case under Rule 41. "If the plaintiff fails to prosecute . . ., a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[F]ailure to prosecute diligently is sufficient to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff is reminded that he has brought this case, and that he cannot prosecute it without developing his claims factually. "The scales of justice would hardly remain equal . . . if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim." *Lyons*, 415 F.2d at 542.

Thus, while Plaintiff is entitled to invoke his privilege against self-incrimination, he is cautioned that if he improperly invokes the privilege or otherwise uses it to prevent Defendants from developing fact discovery in this case, Defendants would likely be justified in seeking dismissal for failure to prosecute under Rule 41. Plaintiff is advised to review Rule 30 of the Federal Rules of Civil Procedure—and in particular subparts 30(c) and 30(d)—prior to his deposition to ensure he understands the nature of a deposition generally as well as the specific limitations on his ability to object to questions.

\
\
\
\
\

### III. CONCLUSION

For the reasons explained above, Plaintiff's Second Motion to Appoint Counsel (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 18, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge